UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK MUNEIO, and
TERRI MUNEIO,

    Plaintiffs,

vs.                                                Case No. 09-12973

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, CHASE MANHATTAN
MORTGAGE COMPANY, CHASE HOME
FINANCE, LLC., WACHOVIA
CORPORATION, FIRST UNION
CORPORATION, GM MORTGAGE
CORPORATION,

    Defendants.
_____/

**MEMORANDUM AND ORDER DENYING
PLAINTIFFS' MOTION TO AMEND COMPLAINT (Doc. 34)**[1]

I. Introduction

This a case involving a mortgage. Plaintiffs, Patrick and Terri Muneio, are suing defendants Federal National Mortgage Association ("FNMA"), Chase Manhattan Mortgage Company ("Chase Manhattan") and Chase Home Finance, LLC ( collectively "Chase"),[2] Wachovia Corporation ("Wachovia"), First Union Corporation ("First Union") and GM Mortgage Corporation ("GM Mortgage"). The Muneios assert the following claims: (I) quiet title, (II) fraud/misrepresentation, (III)Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq, and (IV) Real Estate Settlement Procedures Act (RESPA), 12

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]Although plaintiffs name Chase and Chase Manhattan as defendants, the sole entity is Chase.

U.S.C. § 2601, et seq.

Before the Court is the Muneios' motion to amend the complaint in which they seek to revise their existing claims and add a claim under the Michigan Consumer Protection Act (MCPA), M.C.L. § 445.901, et seq. FNMA and Chase ("defendants") oppose the motion on the grounds that any amendment would be futile. The Court agrees. Accordingly, the motion is DENIED.

## II. Background

In September 2001, the Muneios purchased a home in St. Clair County, Michigan. In order to finance the purchase, they met with a mortgage broker, GM Mortgage. During the negotiation process, the Muneios say they were informed that the interest rate would be 6.425 percent. GM Mortgage obtained financing for the Muneios through First Union; however, the loan had an interest rate of 7.625 percent. On September 27, 2001, the Muneios closed on the property with a loan at a 7.625 percent interest rate.

The Muneios made timely payments for about three years. During this period, the company servicing the loan changed three times; from First Union to Wachovia and then to Chase. In mid-2004, the Muneios went through economic difficulties and obtained a loan modification from Chase. They made payments according to the modification. However, the Muneios went through another period of financial difficulty in July of 2006 and at that time entered into a forbearance agreement with Chase.

On January 30, 2007, Chase determined the Muneios were in default and initiated foreclosure proceedings. On June 5, 2008, Chase purchased the property at auction and was issued a sheriff's deed. Chase quit claimed its interest in the property

2

to FNMA. The Muneios failed to redeem the property within the one-year redemption period, which expired on June 5, 2009. FNMA now holds title to the property. The Muneios filed this action in state court after FNMA initiated eviction proceedings, but before FNMA obtained a judgment of possession. Defendants removed the case to federal court.

III. Legal Standard

A.

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires." The decision whether or not to permit the amendment is committed to the discretion of the trial court. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980).

B.

FNMA and Chase argue that amendment is improper because it would be futile. A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div., 987 F.2d 376, 382-83 (6th Cir. 1993). Under 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face, Bell Atl.Corp. v. Twombly, 550 U.S. 544, 570 (2007), and a claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, ---U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556).

IV. Analysis

In order to determine whether amendment is proper, each claim in the proposed amended complaint must be examined to determine whether it states a viable claim.

A. Count I - Quiet Title

Proposed Count I seeks to quiet title. To state a claim, the Muneios must meet the requirements under either M.C.R. § 3.411 or 28 U.S.C. § 2409a(d), both of which require them to allege an ownership interest in the property.[3]

Defendants argue that amendment would be futile because the Muneios lack standing to assert any interest in the property. The Court agrees. To establish standing, Plaintiffs must "show that [they] had suffered an actual or imminent, concrete and particularized injury as a result of defendant's [actions], which injury likely would be redressed by a favorable decision." Am. Family Ass'n of Michigan v. Michigan State Univ. Bd. of Trs., 276 Mich. App. 42, 44 (2007).

Following foreclosure, the rights and obligations of the parties are governed by

---

[3] M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." 28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States."

4

statute. Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993). Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property. See M.C.L. § 600.3236; Piotrowski v State Land Office Bd., 302 Mich. 179, 187 (1942). Here, Chase purchased the property at a foreclosure sale on June 5, 2008. When the Muneios failed to redeem the property before the redemption period expired, Chase (and ultimately FNMA) became vested with "all the right, title, and interest" in the property by operation of law. Because the Muneios filed this action after their interest in the property expired, they lack standing to assert a claim to quiet title. As such, amendment would be futile as to this claim.[4]

### B. Count II - Fraud/Misrepresentation

Proposed Count II claims fraud/misrepresentation. Because the fraud relates to the actions of a financial institution, the statute of frauds applies. See M.C.L. § 566.132(2)(a). Under the statute of frauds, "a party is precluded from bringing a claim --no matter its label -- against a financial institution to enforce the terms of an oral promise . . . ." Crown Tech. Park v. D&N Bank, FSB, 242 Mich. App. 538, 550; 619 N.W.2d 66 (2000). This bar extends to misrepresentation claims. Manire v. Am. Equity Mortgage, Inc., No. 04-60278, 2005 WL 2173679, at * 2 (E.D. Mich., Sept 6, 2005).

Here, the Muneios allege they were promised an interest rate fixed at 6.425%,

---

[4]Even assuming the Muneios had standing, their allegation that the foreclosure was invalid because Chase "had no standing upon which to pursue a mortgage foreclosure" fails to state a claim. The Muneios admit that Chase was servicing the loan at the time they were in default of the loan. See [Proposed] First Amended Complaint at ¶¶ 21-26. Therefore, Chase did have standing to foreclose. See M.C.L. § 600.3204(1)(d).

but that they received a rate of 7.625%. See [Proposed] First Amended Complaint at ¶ 50. To the extent they seek to enforce an oral promise regarding the terms of their loan, the claim is barred by the statute of frauds.

Moreover, amended Count II also fails because the alleged misrepresentations were made at or before the closing of the loan in 2001 which is beyond the statute of limitations. See M.C.L. § 600.5813 ("All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."); see also Boyle v. Gen. Motors Corp., 468 Mich. 226, 230-31 (2003) (applying M.C.L. § 600.5813 to a fraudulent misrepresentation claim). The Muneios' closing-based fraud claims accrued no later than September 2001, nearly eight years before they filed this case. As such, amendment would be futile as to this claim.

### C. Counts III and IV - TILA and RESPA Claims

#### 1.

Proposed Count III claims a violation of TILA. Proposed Count IV claims a violation of RESPA. The Muneios allege that defendant violated TILA by, among other things: (1) failing to give them an itemization of the amount financed; (2) failing to give them an early or a final Truth in Lending statement; (3) not disclosing the Yield Spread Premium ("YSP"), which undisclosed YSP raised their interest rate; (4) overstating the "amount financed" by $2,493.00 in the Truth in Lending Settlement Statement; and (5) failing to provide them with a notice of the right to rescind. With respect to RESPA, Plaintiffs allege that GM Mortgage and/or First Union violated 12 U.S.C. § 2607 by

failing to disclose the YSP.

Defendants argue that these claims are time barred and therefore amendment would be futile. Under TILA, "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, the Muneios obtained their loan in September 2001, but did not file their claim until June 2009, beyond the one-year period. As such, their TILA claim is barred by the statute of limitations.

Under RESPA, any action must be brought within one year after the alleged violation occurs. See 12 U.S.C. § 2614; Egeger v. Woodland Realty, Inc., 556 F.3d 415, 421 (6th Cir. 2009). Here, the alleged RESPA violation—defendants' purported failure to disclose the YSP—would have occurred, if at all, no later than the loan closing on September 27, 2001. The statute of limitations on the Muneios' RESPA claim expired on September 27, 2002—nearly seven years before they filed this action. The Muneios have therefore failed to state a viable RESPA claim.

2.

The Muneios, however, argue that their TILA and RESPA claims are subject to the equitable tolling doctrine as they allege that they "did not discover, and could not discover," the alleged violations. See [Proposed] First Amended Complaint, ¶¶ 71-72. Defendants argue that the Muneios have failed to plead sufficient facts to invoke equitable tolling. The Court agrees.

The limitations provisions under TILA and/or RESPA may be equitably tolled if a

7

plaintiff does not discover, and could not have discovered, the existence of his or her claim.  See, e.g., Egerer, 556 F.3d at 421.  However, plaintiffs invoking the doctrine must plead and prove fraudulent concealment.  See id. at 422-24.  To establish equitable tolling by fraudulent concealment, a plaintiff "must allege and establish that: 1) defendants concealed the conduct that constitutes the cause of action; 2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitations period; and 3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action."  Id.

The Muneios have not satisfied this burden in their proposed amendments.  They do not allege that FNMA and/or Chase either fraudulently concealed the alleged TILA and RESPA violations or prevented them from discovering the violations.  Indeed, Chase did not acquire the mortgage until 2007 – more than five-and-a-half years after it closed.  Under these circumstances, there are no facts that can support a claim that Chase and/or FNMA prevented the Muneios from discovering the alleged violations.  The Muneios have therefore failed to state a viable TILA or RESPA claim.

D.  Count V  - Michigan Consumer Protection Act

Proposed Count V claims a violation of the MCPA.  Defendants argue that the addition of a claim arising under the MCPA should be denied because the MCPA does not apply to Chase's conduct.  Under the MCPA, "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States" is exempt from the MCPA.  M.C.L. § 445.904(1)(a); see also Newton v .Bank West, 262 Mich. App. 434,

8

442, 491 (2004). Chase is an operating subsidiary of JPMorgan Chase Bank, N.A., a national bank subject to the oversight of the Office of the Comptroller of Currency ("OCC"). Because Chase's business as a mortgage lender and servicer is subject to oversight by the OCC, the MCPA does not apply to it. See Newton, 262 Mich. App. at 438; Hanning v. Homecomings Fin. Networks, Inc., 436 F. Supp. 2d 865, 869 (W.D. Mich. 2006). Thus, amendment would be futile.

As to FNMA, the Muneios do not allege how it violated the MCPA, nor do they identify which MCPA sections it purportedly violated. In short, the proposed amendment fails to plead a claim for a violation of the MCPA against FNMA. Thus, it cannot survive a motion to dismiss.

SO ORDERED.

       S/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated: December 13, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 13, 2010, by electronic and/or ordinary mail.

       S/Julie Owens
       Case Manager, (313) 234-5160