UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK MUNEIO, and
TERRI MUNEIO,

    Plaintiffs,

vs.                                                                   Case No. 09-12973

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, CHASE MANHATTAN
MORTGAGE COMPANY, CHASE HOME
FINANCE, LLC., WACHOVIA
CORPORATION, FIRST UNION
CORPORATION, and GM MORTGAGE
CORPORATION,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**GRANTING FNMA AND CHASE'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 44)**
**AND**
**GRANTING WACHOVIA AND FIRST UNION'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 45)**
**AND**
**DISMISSING CASE**[1]

**I. Introduction**

This is one of an increasing number of cases filed in this district challenging the mortgage process and subsequent foreclosure. Plaintiffs, Patrick and Terri Muneio have sued defendants Federal National Mortgage Association ("FNMA"), Chase Manhattan Mortgage Company, Chase Home Finance, LLC (collectively, "Chase"), Wachovia Corporation ("Wachovia"), First Union Corporation ("First Union") and GM

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Mortgage Corporation ("GM Mortgage").[2] The complaint asserts the following claims: (I) quiet title, (II) fraud/misrepresentation, (III) Truth in Lending Act, 15 U.S.C. § 1601, et seq., and (IV) Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., (V) Conversion, (VI) Unjust Enrichment, (VII) Detrimental Reliance, and (VIII) Intentional Infliction of Emotional Distress.[3]

Before the Court are the following motions:

FNMA and Chase's Motion for Judgment on the Pleadings (Doc. 44)

Wachovia and First Union's Motion for Judgment on the Pleadings (Doc. 45)

For the reasons that follow, the motions will be granted and the case will be dismissed.

## II.  Background

The background was set forth the in the Court's order denying the Muneio's motion to amend, as follows:

> In September 2001, the Muneios purchased a home in St. Clair County, Michigan. In order to finance the purchase, they met with a mortgage broker, GM Mortgage. During the negotiation process, the Muneios say they were informed that the interest rate would be 6.425 percent. GM Mortgage obtained financing for the Muneios through First Union; however, the loan had an interest rate of 7.625 percent. On September 27, 2001, the Muneios closed on the property with a loan at a 7.625 percent interest rate.
> The Muneios made timely payments for about three years. During this period, the company servicing the loan changed three times; from First Union to

---

[2]GM Mortgage has not been served and the time for service has passed. The Muneio's have taken no other action with respect to GM Mortgage. Accordingly, GM Mortgage is DISMISSED as a party. See Fed. R. Civ. P. 4(m) and 41(b).

[3]Previously, the Muneios filed a Motion to Amend the Complaint to amend their existing claims and to add a claim under the Michigan Consumer Protection Act, M.C.L. § 445.901, et seq. Defendants FNMA and Chase opposed the motion on the grounds that amendment would be futile. The Court agreed and denied the motion to amend. See Doc. 42.

>Wachovia and then to Chase.  In mid-2004, the Muneios went through economic difficulties and obtained a loan modification from Chase.  They made payments according to the modification.  However, the Muneios went through another period of financial difficulty in July of 2006 and at that time entered into a forbearance agreement with Chase.
>   On January 30, 2007, Chase determined the Muneios were in default and initiated foreclosure proceedings.  On June 5, 2008, Chase purchased the property at auction and was issued a sheriff's deed.  Chase quit claimed its interest in the property to FNMA.  The Muneios failed to redeem the property within the one-year redemption period, which expired on June 5, 2009.  FNMA now holds title to the property.  The Muneios filed this action in state court after FNMA initiated eviction proceedings, but before FNMA obtained a judgment of possession.  Defendants removed the case to federal court.

Memorandum an Order at p. 2.

### III.  Legal Standard

Fed. R. Civ. P. 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment may be granted under Rule 12(c) where the movants clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law.  Beal v. Missouri Pacific R.R., 312 U.S. 45 (1941); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368, p. 518.

The Court of Appeals for the Sixth Circuit has stated that a district court must consider a motion under Rule 12(c) using the same standard of review as a Rule 12(b)(6) motion.  Roger Miller Music, Inc. v. Sony/ATV Publ'g, L.L.C, 477 F.3d 383, 389 (6th Cir. 2007).  In facing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001).  As the Supreme Court

3

held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional Rule 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 127 S.Ct. at 1964-65 (citations omitted); Association of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp., 127 S.Ct. at 1965 (citations omitted).

### IV. Analysis

As an initial matter, FNMA and Chase moved for judgment on the pleadings on all counts in the complaint. Wachovia and First Union moved for judgment on the pleadings on the four counts of the complaint which pertained to them (Counts II, III, VI. and VII). The Muneios filed a response to the motions, in which they concede dismissal of all claims expect for Count I - quiet title. Thus, the Court will only address whether Count I is viable against FNMA and Chase.

In denying the Muneio's motion to amend, the Court had this to say about the quiet title claim:

> Proposed Count I seeks to quiet title. To state a claim, the Muneios must meet the requirements under either M.C.R. § 3.411 or 28 U.S.C. § 2409a(d),

> both of which require them to allege an ownership interest in the property.[4]
> Defendants argue that amendment would be futile because the Muneios lack standing to assert any interest in the property. The Court agrees. To establish standing, Plaintiffs must "show that [they] had suffered an actual or imminent, concrete and particularized injury as a result of defendant's [actions], which injury likely would be redressed by a favorable decision." Am. Family Ass'n of Michigan v. Michigan State Univ. Bd. of Trs., 276 Mich. App. 42, 44 (2007).
> Following foreclosure, the rights and obligations of the parties are governed by statute. Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993). Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property. See M.C.L. § 600.3236; Piotrowski v State Land Office Bd., 302 Mich. 179, 187 (1942). Here, Chase purchased the property at a foreclosure sale on June 5, 2008. When the Muneios failed to redeem the property before the redemption period expired, Chase (and ultimately FNMA) became vested with "all the right, title, and interest" in the property by operation of law. Because the Muneios filed this action after their interest in the property expired, they lack standing to assert a claim to quiet title. As such, amendment would be futile as to this claim.

Memorandum and Order at p. 4-5 (footnote omitted).

Nothing in the Muneio's response changes the Court's assessment of this claim. The Muneios argue that they would be denied due process if they are precluded from pursuing Count I because Michigan recognizes a post-redemption period claim to quiet title. They are mistaken. Michigan law does not provide mortgagors, like the Muneios, with a right to quiet title after their statutory redemption period has expired. As the Court previously noted, upon expiration of the redemption period, the purchaser of a sheriff's deed is vested with all right, title, and interest in the property to the exclusion of all others. M.C.L. § 600.3236; Piotrowski v. State Land Office Bd., 302

---

[4] M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." 28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States."

Mich. 179, 187 (1942). The redemption period in this case expired three weeks before the Muneios filed this action. As such, they cannot pursue a claim to quiet title.

Moreover, as FNMA and Chase fully explained in their reply brief, the cases cited in their response do not support the Muneios argument. Those cases involved summary proceedings initiated by the sheriff's deed holder, not quiet title actions filed by mortgagors. Accordingly, they do not advance the Muneio's quiet title claim.

The Muneios again suggest that Chase did not have the ability to foreclose when the Muneios defaulted. Even if Chase did not hold the Note at the time it initiated foreclosure proceedings, which Chase denies (see n.4 of FNMA and Chase's reply brief), it is undisputed that Chase was the servicer for the loan and therefore had standing to initiate foreclosure by advertisement, as the Court previously stated. See M.C.L. § 600.3204(1)(d) ("**The party foreclosing the mortgage** [**must be**] either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage **or the servicing agent of the mortgage**.") (emphasis added).

The Muneios argument that the mortgage lacked a valid "power of sale" is equally unavailing. The mortgage contains explicit terms under which the Muneios conveyed both the right to foreclose and the power of sale:

> TRANSFER OF RIGHTS IN THE PROPERTY
> This Security Instrument secures to Lender: (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreement under this Security Instrument and the Note. For this purpose, **Borrower does hereby mortgage, warrant, grant and convey to MERS . . . and to the successors and assigns of MERS, with power of sale, the [Property]** . . . .
>
> All of the foregoing is referred to in this Security Instrument as the "Property." **Borrower understands and agrees that . . . if**

**necessary to comply with law or custom, MERS . . . has the right . . . to foreclose and sell the Property** . . . .

Mortgage, at Page 3 of 15 (emphasis added).  In short, the mortgage contained a conspicuous, valid power of sale.

Finally, the Muneios attempt to assert standing also fails.  The Muneios do not own the property; it was sold to Chase and conveyed to FNMA.  Nor to the Muneios lawfully possess the property; they are holdover tenants.  Overall, the Muneios do not have a viable quiet title claim.  Count I must be dismissed.

### V.  Conclusion

For the reasons stated above, defendants' motions are GRANTED.  This case is DISMISSED.

SO ORDERED.


Dated:  April 13, 2011                              S/Avern Cohn
                                                    AVERN COHN
                                                    UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 13, 2011, by electronic and/or ordinary mail.

                                                    S/Julie Owens
                                                    Case Manager, (313) 234-5160